**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**

| | | |
|---|---|---|
| **ALFONZO RUIZ, JR.** | § | |
| *Plaintiff* | § | |
| | § | |
| **VS.** | § | **CASE NO. 5:20-cv-00127** |
| | § | **JURY REQUESTED** |
| **TNL EXPRESS, S.A. DE C.V., D/B/A** | § | |
| **TNL EXPRESS INTERNATIONAL,** | § | |
| **INC., AND JAIME CRUZ GUERRA** | § | |
| *Defendants* | § | |

## DEFENDANT JAIME CRUZ GUERRA'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(B)

PLEASE TAKE NOTICE that Defendant, JAIME CRUZ GUERRA, hereby removes to this Court the state court action described below, and file this Notice of Removal:

### I.   BACKGROUND

1.     Plaintiff is ALFONZO RUIZ, JR. a resident of Laredo, Webb County, Texas.[1] Defendant, TNL EXPRESS, S.A. DE C.V. (incorrectly sued as TNL EXPRESS, S.A. DE C.V., D/B/A TNL EXPRESS INTERNATIONAL), is a foreign corporation organized under the laws of the United Mexican States[2] with registered agent, Ricardo Gomez, Jr. located in Laredo, Webb County, Texas.[3]  TNL Express International, Inc. is a domestic corporation  incorporated in the State of Texas and located in Laredo, Webb County, Texas.[4]    Defendant, JAIME CRUZ GUERRA, is a citizen of the united Mexican States ( AKA Mexico).[5]

2.     On June 24, 2020, an action was commenced in the 406th Judicial District of Webb County, Texas under Cause No. 2020CVA001121D4; *ALFONZO RUIZ, JR. V. TNL EXPRESS, S.A. DE C.V. D/B/A, TNL EXPRESS INTERNATIONAL, INC., AND JAIME CRUZ*

---

[1]   *See* Plaintiff's Original Petition, attached as Exhibit A.
[2]   *See Id*.
[3]   *See Id*.
[4]   *See Id*.
[5]   *See Id*.

*GUERRA*.[6]  Defendant TNL EXPRESS S.A. DE C.V. (incorrectly sued as TNL EXPRESS, S.A. DE C.V., D/B/A TNL EXPRESS INTERNATIONAL), was served on June 27, 2020 and answered on July 20, 2020.  Defendant TNL Express International, Inc. was served on July 3, 2020 but has not answered the state court action.  Defendant, JAIME CRUZ GUERRA was served on July 13, 2020 and answered the state court action on July 31, 2020 and timely filed their jury demand in state court.

3.      Defendants have attached the required state court documents pursuant to 28 U.S.C. § 1446 (a) and LR81.[7]

4.      As for venue, venue is proper in this District under 28 U.S.C. § 1441(a) because this District and Division embrace the place where the removed action has been pending.  The incident made the basis of Plaintiff's Petition is a November 4, 2019 motor vehicle accident which occurred in Laredo, Webb County, Texas.[8]

5.      Defendants will promptly file a copy of this Notice of Removal with the Clerk of the state court where the action has been pending.

6.      All Defendants who have been served and who have filed an answer consent to this removal.

7.      As set forth in detail below, this Court has original jurisdiction over this civil action pursuant 28 U.S.C.A. § 1332 and the action may therefore be removed to this Court pursuant to 28 U.S.C.A. §§ 1441(b); 1446(c).

---

[6]   *See Id.*
[7]   *See* State Court Documents attached as Exhibit B.
[8]   *See* Plaintiff's Original Petition attached as Exhibit A.

## BASIS FOR REMOVAL

8.      A civil case filed in state court may be removed by the defendant to Federal Court if the case could have been brought originally in Federal Court. 28 U.S.C. § 1441(a). Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant.[9]

9.      The named Plaintiff is a citizen of Texas. Defendant TNL EXPRESS S.A. DE C.V. is a Mexican business incorporated under the law of the United Mexican States. Defendant TNL EXPRESS S.A. DE C.V. is located in San Gregorio Atzompa, Puebla which does business throughout Mexico and in the State of Texas.  Defendant JAIME CRUZ GUERRA is a citizen of the United Mexican States (AKA Mexico). Co-Defendant TNL EXPRESS INTERNATIONAL, INC. (hereinafter "TNL, INC.") is a Texas Corporation.  Accordingly, on the face of the pleadings, there is a lack of complete diversity which precludes removal of the case to Federal Court.  However, an action may nevertheless be removable if the joinder of the non-diverse party, Co-Defendant TNL, INC., was fraudulent.[10]

10.      The starting point for analyzing claims of improper joinder must be the statutes authorizing removal to federal court of cases filed in state court.[11]  The federal removal statute, 28 U.S.C. § 1441(a), allows for the removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."[12]  Subsection (b) specifies that suits arising under federal law are removable without regard to the citizenship of the parties; all other suits are removable "only if none of the parties in interest *properly* joined and served as defendants is a citizen of the State in which such action is brought."[13]  To remove a case based on diversity, the diverse defendant must demonstrate that all of the prerequisites of diversity

---

[9] *Tapscott v. MS Dealer Service Corp.,* 77 F.3d 1353, 1355 (11th Cir.1996).
[10] *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998).
[11] *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004).
[12] *Id.*
[13] *Id.*

jurisdiction contained in 28 U.S.C. § 1332 are satisfied.[14]  Relatedly, a district court is prohibited by statute from exercising jurisdiction over a suit in which any party, by assignment or otherwise, has been *improperly* or *collusively* joined to manufacture federal diversity jurisdiction.[15]

11.     Once a case has been removed, the removing party bears the burden of proving that the Court has jurisdiction to hear the claim.[16]  The defendant must show there is "no possibility of recovery by the plaintiff against an in-state defendant." [17]  Stated differently, there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant. "This means that there must be a *reasonable* possibility of recovery, not merely a *theoretical* one." [18]

12.     Plaintiff in this case has fraudulently and improperly joined Co-Defendant TNL, INC. for the sole purpose of defeating the right to remove this action to the United States District Court, and for no other reason. There is no reasonable possibility of recover against CO-Defendant TNL, INC. based on Plaintiffs live pleadings.

13.     Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity.[19]  The Courts have recognized three tests for establishing improper joinder: (1) actual fraud in the pleading of jurisdictional facts, (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court, or (3) the claims against the nondiverse or local defendant have no real connection to the claims against other defendants.[20]  In the present case, only the second and third tests are pertinent.  The second test is an inquiry into "whether the defendant has demonstrated that there is no possibility of

---

[14] *Id.*
[15] *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004).
[16] *Jernigan v. Ashland Oak Inc.*, 989 F.2d 812, 815 (5th Cir. 1993); *Chittick v. Farmers Ins. Exchange*, 844 F. Supp. 1153, 1155 (S.D. Tex. 1994).
[17] *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004).
[18] *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007).
[19] *Id.*
[20] *Larroquette v. Cardinal Health 200, Inc.*, 466 F.3d 373, 376 (5th Cir. 2006); *See also Smallwood v. Illinois Cent. R. R.*, 385 F.3d 568, 571 & n.1 (5th Cir. 2004) (In Fifth Circuit, term "improper joinder" is used instead of "fraudulent joinder").

recovery by the plaintiff against an in-state defendant." [21]   Essentially, there must be no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant.   In applying the second test, the Court conducts a Rule 12(b)(6)-type analysis, looking initially at the allegations of the petition to determine whether, under state law, the petition states a claim against the in-state defendant.[22] With respect to the third test, there is no real connection between the non-diverse local Defendant TNL, INC. and the claims brought against Defendant Guerra and his employer TNL EXPRESS S.A. DE C.V. The only connections Plaintiff has pled with regard to the nondiverse Defendant TLC, INC. is that the two Co-Defendants do business together and the motor vehicle accident which makes the basis of this lawsuit occurred near to the physical address of Defendant TLC, INC.[23] Defendant Guerra's motion will demonstrate that Plaintiff has established no cause of action against Co-Defendant TLC, INC. and that they have been fraudulent joined/misjoined.

## FRAUDULENT JOINDER WITHIN PLAINTIFF'S PETITION

14.   On November 4, 2019, Plaintiff was operating his 2016 Blue Dodge Ram 1500 pickup truck when he was involved in a collision with Defendant JAIME CRUZ GUERRA, who was operating a 2002 White Freightliner tractor-trailer owned by Defendant TNL EXPRESS S.A. DE C.V.[24]   The accident occurred in Laredo, Webb County, Texas. [25] TNL, INC. was not the owner of the vehicles involved or the employer of either driver.   According to Plaintiff's Original Petition, TNL, S.A. de C.V.'s only relation to the claim is as follows:

---

[21] *Id.*

[22] *Larroquette v. Cardinal Health 200, Inc.*, 466 F.3d 373, 376 (5th Cir. 2006); *See also Smallwood v. Illinois Cent. R. R.*, 385 F.3d 568, 571 & n.1 (5th Cir. 2004) (In Fifth Circuit, term "improper joinder" is used instead of "fraudulent joinder").

[23] Plaintiff's Original Petition attached as Exhibit A.

[24] *Id.*

[25] *Id.*

It is believed that Defendant Jaime Cruz Guerra's destination was TNL SA de CV's corporate headquarters located at 612 Enterprise St. Laredo, Texas as the collision that makes the basis of this lawsuit occurred within a close proximity.[26]

Throughout Plaintiff's Original Petition, Plaintiff asserts no separate cause of action against TNL, INC. but rather conflates the two Co-Defendants names in an effort to defeat diversity jurisdiction.[27] Plaintiffs argument conflates the Mexican and American corporation in an effort create a presumption of negligence on the part of TNL, INC. Plaintiff pleads no legal duty nor breach thereof which would make reasonable possibility of recovery in a negligence action against Co-Defendant TNL, INC. "Close Proximity" does not create a legal duty and does not give rise to any claim based in law. Plaintiffs argument fails to identify reasons for which the local non-diverse TNL, INC. should be a party to the lawsuit.

15.    In Paragraph 7 of Plaintiff's Original Petition, Plaintiff describes Co-Defendant TNL, INC.'s relation to the claim as "at home." Yet Plaintiff admits that the two entities are separate business incorporated under the laws of two different countries.[28] Plaintiff does not allege separate claims against Co-Defendant TNL, INC. but rather argues that because the two companies do business together, they should both be sued without any other bases than a blatant attempt to flout removal to the federal courts. Speaking of TNL, INC., Plaintiff's petition states the following:

It is believed that it [TNL Express S.A. de C.V.] does business in the United States by and through a subsidiary company TNL Express International, Inc. as well as other companies namely TNL Freightways, Inc. More specifically, it is believed that TNL Express SA de CV does cargo transfers for TNL Express International, Inc. on a daily basis and is part of its corporate business activities. These business operations are so substantial and of such a frequent and ongoing nature as to render this corporation at home in the State of Texas. Removal of this matter would be improper[29]

---

[26] Id, at 3, par. 13.
[27] Plaintiff's Original Petition attached as Exhibit A.
[28] Id, at 13, par. 3-4..
[29] Id.

Plaintiff's Original Petition does not include any valid theory of recovery nor cause of action against TNL, INC. Whether or not business operations are substantial, frequent, or of an ongoing nature does not make the joinder of an unrelated party to the lawsuit proper. Plaintiffs attempt to do so is the exact situation that the doctrine of fraudulent joinder or misjoinder was created.

16.     Plaintiffs petition alleges blanket claims of negligence and negligent entrustment are made against "TNL EXPRESS, S.A. DE C.V. d/b/a TNL EXPRESS INTERNATIONAL, INC."[30] Plaintiff's theory of recovery fails because instead of pleading an independent cause of action against Defendant TNL, INC., counsel for Plaintiff has combined and conflated the two separate Co-Defendants names in an effort to prevent removal by fraudulent joinder. Plaintiff's attempts to conflate Defendants TNL, INC. and TNL Express, S.A. DE C.V., belies his own petition as Plaintiff admits in paragraph 3 that TNL Express, S.A. DE C.V. is a foreign corporation.

> 3.  Defendant TNL Express, S.A. DE C.V., d/b/a TNL Express International, Inc., is a foreign corporation and may be served with process by serving its registered agent Ricardo Gomez, Jr. at 414 Rienda Drive, Laredo, Texas 78045.

Plaintiff then pleads TNL Express International, Inc. is a Texas corporation with a separate registered agent than that of codefendant TNL Express, S.A. DE C.V.

> 4.  TNL Express International, Inc. is a domestic for-profit corporation organized and existing under the laws of Texas, whose business is located in Laredo, Texas and is authorized to do business in Texas and may be served with process by serving its registered agent Louis P. La Vaude at 1419 San Dario Ave., Laredo, Texas 78040 or wherever else he may be found.[31]

In order to establish recovery on the basis of negligence tort theory, a plaintiff must initially prove the existence and breach of a duty owed to him by the defendant.[32] As a general rule, one

---

[30] *Id.*
[31] Plaintiff's Original Petition, attached as Exhibit A.
[32] *Otis Eng'g Corp. v. Clark*, 668 S.W.2d 307, 309 (Tex. 1983); *Abalos v. Oil Development Co. of Texas,* 544 S.W.2d 627, 631 (Tex.1976).

person is under no duty to control the conduct of another,[33] even if he has the practical ability to exercise such control.[34] The duty of a premises owner or occupier to provide protection arises from control of the premises; the duty does not extend beyond the limits of the premises owner's control.[35] An owner or occupier of property is not an insurer of the safety of travelers on an adjacent highway and is not required to provide against the acts of third persons.[36] Generally, a landowner does not have a duty to see that an independent contractor performs his work in a safe manner.[37] Similarly, a person is not bound to anticipate negligent or unlawful conduct on the part of another.[38] Plaintiff's claims of negligent entrustment, hiring, training, or retention fails to account for the fact that TNL, INC. did not own the vehicles or employ the drivers involved in the subject accident. Close proximity is not the legal standard for premises liability. There can be no vicarious liability on the part of TNL, INC. as they did not employ Mr. Guerra nor own nor control any of the vehicles involved in the accident. Plaintiff has failed to plead claims that would establish a reasonable possibility of recovery against TNL, INC. Accordingly, there is no possibility of recovery by Plaintiff against TNL, INC. for negligence, negligence per se, premises liability, respondeat superior, nor negligent entrustment.

19.    The facts, case law, and evidence establish as a matter of law that there is no genuine issue of fact as to the existence of a duty owed by TNL, INC. to Plaintiff.[39]  Therefore, because Plaintiff's Original Petition fails to state any specific actionable conduct on the part of TNL, INC., Defendants request that the existence of TNL, INC. as Co-Defendant in this suit be

---

[33] *Restatement (Second) of Torts* § 315 (1965).
[34] *Otis Eng'g Corp.*, 668 S.W.2d at 309; *Trammell v. Ramey,* 231 Ark. 260, 329 S.W.2d 153 (1959).
[35] *Dixon v. Houston Raceway Park, Inc.*, 874 S.W.2d 760, 762-63 (Tex. App.--Hous. [1st Dist.] 1994, no writ); *Grapotte v. Adams,* 130 Tex. 587, 111 S.W.2d 690, 691 (1938); *La Fleur v. Astrodome–Stadium Corp.,* 751 S.W.2d 563, 565 (Tex.App.—Houston [1st Dist.] 1988, no writ).
[36] *Dixon,* 874 S.W.2d at 762-63; *Naumann v. Windsor Gypsom, Inc.,* 749 S.W.2d 189, 191 (Tex.App.—San Antonio 1988, writ denied).
[37] *Redinger v. Living, Inc.,* 689 S.W.2d 415, 418 (Tex.1985).
[38] *DeWinne v. Allen,* 154 Tex. 316, 277 S.W.2d 95, 98 (1955).
[39] *Id.*

disregarded for purposes of affirming jurisdiction under 28 U.S.C. § 1332 and 28 U.S.C. § 1441(a) on the grounds that they have been fraudulently joined.

## AMOUNT IN CONTROVERSY

20.     Removal is proper when there is complete diversity of citizenship between the proper parties to the lawsuit and the amount in controversy exceeds Seventy-Five Thousand Dollars exclusive of costs and interest ($75,000).[40]  Since Plaintiff's Original Petition states that Plaintiff's actual damages are in an amount between $200,000 and $1,000,000.00, the amount in controversy for this case exceeds $75,000.[41]

## CONCLUSION

21.     Defendants have shown through case law and evidence that as a matter of law, Plaintiff cannot establish a cause of action against TNL, INC.[42]  Therefore, Defendants request that the existence of TNL, INC. as Co-Defendant in this suit be disregarded for purposes of affirming jurisdiction under 28 U.S.C. § 1332 and 28 U.S.C. § 1441(a) on the grounds that they have been fraudulently joined.

22.     As such, removal is proper because there is complete diversity between the proper parties to this lawsuit.[43]  Plaintiff is a citizen of the State of Texas.  Defendants are not citizens of the State of Texas, nor are they incorporated under the laws of Texas.

WHEREFORE PREMISES CONSIDERED, based on Plaintiff's Original Petition, evidence, and the diverse citizenships of the proper parties, this Court has original jurisdiction of this action under 28 U.S.C.A. § 1332 and removal of the action to this Court is proper under 28 U.S.C.A. § 1441(a).

---

[40] 28 U.S.C. § 1332(a); *Darden v. Ford Consumer Fin. Co.*, 200 F.3d 753, 755 (11th Cir. 2000); *Laughlin v. K-Mart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).
[41] Plaintiff's Original Petition attached as Exhibit A.
[42] *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992).
[43] 28 U.S.C. § 1332(a); *Darden*, 200 F.3d at 755; *Laughlin*, 50 F.3d at 873.

Respectfully submitted,

GOLDMAN & PETERSON PLLC
10100 Reunion Place, Suite 800
San Antonio, Texas 78216
Telephone: (210) 340-9800
Telecopier: (210) 340-9888
*E-Mail: mail@ljglaw.com
**service by e-mail to this address only**

By: /s/ Larry J. Goldman

LARRY J. GOLDMAN
"Attorney in Charge"
State Bar No. 08093450
Federal Bar No. 341
Larry@ljglaw.com
JULIAN R. DOMINGUEZ
"Of Counsel"
State Bar No. 24107755
Federal Bar No. 3529934
Julian@ljglaw.com

ATTORNEYS FOR DEFENDANTS,
TNL EXPRESS, S.A. DE C.V., D/B/A
TNL EXPRESS INTERNATIONAL, INC.,
AND JAIME CRUZ GUERRA

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on the 12th day of August, 2020.

**Via E-Service**
Mr. Roderick C. Lopez
RODERICK C. LOPEZ, P.C.
6557 Metro Court, Ste. 1
Laredo, Texas 78041

By: /s/ Larry J. Goldman

LARRY J. GOLDMAN
JULIAN R. DOMINGUEZ

10